Wakdlaw J.
delivered the opinion of the Court,
These cases were embraced in the decision of the case, State, ex relatione Potter and others, v. The Town Council of Beaufort, 2 Rich., 496, in which may be seen the grounds upon which the application for a prohibition was dismissed. The order of the Court of Appeals, reversing the order which was made on the circuit granting a prohibition, having itself been taken as a judgment, or having been followed by an order on the circuit, discharging the rules against the Town Council, which has been so taken, the Town Council, either with or without some entry of judgment, (this Court is not informed which,) procured a taxation of costs, and issued executions for costs against the several relators. These executions have been set aside by the Circuit Court on the ground, “that no costs are allowed in cases of prohibition such as these were,” and the sufficiency of that ground is now presented upon appeal.
It is necessary to see the usual course of proceeding in applications for prohibition, and the proceedings which have been had. For the former, I refer to Sergeant Williams’ notes to the case of Croucher v. Collins, 1 Saund., 136; to 3 Bla. Com., 113; and Bac. Ab’t., Prohibition E. and F. As to the latter, looking to one of these cases, all alike, I find that a suggestion, praying a prohibition, was filed by a relator—a rule to show cause was thereupon ordered and served upon the Town Council and its officer;—cause was shown in answer to the rule, and after argument heard the rule was discharged. No order to declare, no declaration in prohibition, no plea, no demurrer, no award of consultation, no other judgment which may be entered under an ideo consideratum est, is to be found. There has been in effect simply a motion made, enquiry had, and the motion refused. Without some order of Court, why should the recovery of costs attend this refusal more than that of any ordinary motion in Court,! It is not doubted, that under the power which the Court has over its suitors, and its discretion to annex terms to the grant of its orders, or to. refuse its interference, unless suitable terms be complied with, the rule to show cause might have been granted upon the condition that the relator should enter his consent to pay costs in case of his failure; *179 as afterwards upon the order to declare, or at some other proper stage of the proceedings, the defendants’ consent to just terms might have been enforced: (see Hullock’s Law of Costs, 603, 317:) but no such condition was annexed to the grant of the rule, or even to the order discharging the rule; and it is for the Town Council to show that the right to recover costs attaches by law, as an incident to the dismissal of the relators application, made as it was.
Costs eo nomine were not recovered at common law. The quantum of costs depends upon fee bills and other regulations which fix the amount demandable by officers of Courts and others, for services rendered in the progress of a cause; but the right which a party who has paid, or is liable to pay, for the services rendered to him, has to recover those expenses from the other party, as an appendage to a judgment in his favor, although sometimes it may be discovered in the construction of a fee bill, may usually be traced to some other statute, and always must be founded upon the authority of some statute or some distinct regulation of the Court. The Statute of Gloucester, 6 Edw. 1, ch. 1, (which, although it has never been expressly made of force in this State, has been recognized by our legislation,) is the great source from which, by aid of a liberal construction, a plaintiff’s right to recover costs has proceeded; and the statutes, 23 Hen. 8, ch. 15, 4 Jac. 1, ch. 3, and 13 Chs. 2, ch. 2, sec. 13, (all made of force here.) contain the principal provisions in favor of a defendant’s right to such recovery. Other special grants and denials have been made in particular cases by other statutes; but no statutory regulation is of force here, which touches the subject of costs in prohibition, besides the statute of Gloucester, which, among other cases, gives to the plaintiff recovery of costs, “in all cases where he is to recover damages;” and the stat. of 4 Jac. 1, c. 3, which gives like recovery to a defendant after non-suit or verdict for him, in any action wherein the plaintiff or demandant might have costs, in case judgment shall be given for him. The stat. 8 and 9 Wm. 3, c. 11, which in suits upon prohibition gives costs to the plaintiff, who may obtain judgment after plea or demurrer joined, and to the defendant after non-suit, discontin *180 uance or verdict for the defendant, has never been made of force in this State; but in a case not embraced by that statute where the plaintiff had judgment by default in a suit in prohibition, and upon a writ of enquiry had damages for the contempt in proceeding after the writ of prohibition delivered, the plaintiff was held to be entitled under the Statute of Gloucester, to all costs subsequent to the time that the rule for the prohibition was made absolute: 5 Bac. Ab’t., G58. It will be seen that the circumstance of a case in prohibition being a qui tam action, is not adverted to in considering a question of a party’s right to recover costs, independent of the Statute of Wm. 3 above mentioned. The declaration in prohibition assumes the fiction, (not traversable) that the defendant has proceeded in the suit below, notwithstanding the writ of prohibition, and this supposed contempt is the reason of a case in prohibition being a qui tam action, “because (says Sergeant Williams,) it is an established rule, that in every case of a contempt of the king, the action must be as well to answer the king as the party suing.” In the argument of this case, it has been supposed that the recovery of costs is denied in a case of prohibition, because it is a qui tam action, and the case of O’Driscall v. M’Cants, 2 Bay, 323, has been quoted, where verdict having been rendered for the defendant in a qui tam action, for a penalty under a statute, it was held that he could not recover costs from the plaintiff. Various statutes, as 24 Hen. 8, c. 8, 18 Eliz., c. 5, which in England have been created to regulate the recovery of costs in actions by informers, and persons suing to the use of the king, have never been made of force here, and no acts of our own upon the subject are to be found, besides the special provisions of various penal statutes. But a distinction has always been recognized between an action by the party grieved, which no other person can bring, even though it be a qui tam action, or an action for a penalty under a statute, and an action merely popular, which any person may bring, whether it be actually brought by the party grieved or by any other informer. In an action of the former kind, wherever damages may be recovered, they are recovered under a right which was vested so soon as the grievance was committed, and costs for the plaintiff follow *181 the damages under the Statute of Gloucester, or for the defendant under the statutes above cited, which make costs to a defendant, follow certain judgments in his favor, (see Hullock’s Law of Costs, 17, 201.) Of this kind is a case where a declaration in prohibition is filed. In an action of the latter kind no damages are recoverable, but only the penalty under the statute which authorized it, and the right of either party to costs must depend upon the statute, if embraced by no other statutory regulation. Of this kind was the case of O’Driscall v. M’Cants.
Under the Stat. 8 and 9 Wm. 3, c. 11, the plaintiff in a suit in prohibition, obtaining judgment after demurrer or plea, may have costs taxed so as to include the suggestion, and all matters incident and subsequent thereto; but a defendant, in case of a non-suit of the plaintiff, is not entitled to the costs occasioned by opposing the rule for the prohibition, but merely to the costs of the non-suit; 5 Bac. Ab’t., 656. And though a plaintiff in prohibition may have prepared and actually tendered a declaration to the defendant, proceedings shall be stayed without costs, where the defendant is desirous of submitting without further litigation; 2 Stra., 1149.
It appears, that even could the Town Council have the advantage of the Stat. of Wm. 3, above cited, they could not, as this case is presented, of a motion for prohibition dismissed ■without order concerning the costs, be entitled to recover costs from the other party;—much less can they claim the right without the aid of that statute.
The motion is dismissed.